Connie M. TOLLE, Plaintiff,

v.

**CARROLL TOUCH, INC., Defendant.**

No. 89–3213.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 16, 1993.

---

Gary S. Schwab, Ray E. Alexander, Springfield, IL, Evan A. Strawn, Bloomington, IL, for plaintiff.

Vincent Candiello, Harrisburg, PA, for defendant.

## OPINION

RICHARD MILLS, District Judge:

*ERISA.*

This cause is before the Court on remand from the United States Court of Appeals for the Seventh Circuit.

The Plaintiff originally brought suit in this Court alleging a violation of § 510 of ERISA (the Employee Retirement Income Security Act, 29 U.S.C. § 1140), and breach of contract and breach of an implied covenant of good faith by the Defendant. This Court entered summary judgment for the Defendant on the Plaintiff's claims.

On appeal, the Seventh Circuit affirmed this Court's entry of summary judgment for the Defendant, but found that although the Plaintiff had failed to assert a claim for relief under § 502(a)(1)(B) and § 503 of ERISA, the complaint raised allegations that might support a recovery under those sections of ERISA. *See generally, Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir.1992). Consequently, the Seventh Circuit remanded the case to this Court for a determination of whether the Plaintiff's claims under § 502(a)(1)(B) and § 503 of ERISA are barred by any statute of limitations, and if not, then whether the Plaintiff is entitled to relief under § 502(a)(1)(B) and § 503 of ERISA. *Id.* at 1142.

In accordance with the opinion of the Seventh Circuit, this Court directed the parties to file motions for summary judgment concerning whether the Plaintiff is entitled to relief under § 502(a)(1)(B) and § 503 of ERISA. The parties have since filed their motions for summary judgment, and the Court now addresses those motions.

### I. Background

The Defendant is a manufacturer of electrical equipment that was formerly located in Champaign, Illinois. The Plaintiff began working for the Defendant in 1978. In 1984 the Defendant began to relocate its operations to Texas, and as part of that relocation, certain employees were notified that their services would no longer be required. The Plaintiff received such notifi-

cation in September of 1984 and was informed that she would be terminated as of October 19, 1984, but that she would be entitled to employee benefits through November 30, 1984.

The Plaintiff had previously been diagnosed with a mild heart condition, and on October 1, 1984 the Plaintiff's physician, Dr. Bloomfield, diagnosed the condition as rheumatic mitral stenosis. On that same day, and as a result of the diagnosis, the Plaintiff made an oral request for a medical leave of absence. On October 10, 1984, the Plaintiff met with the Defendant's personnel manager and obtained a claim form, which she promptly completed. The claim form was then given to Ploeger and Associates, the company that managed the Defendant's employee benefit plans. Ploeger and Associates forwarded the claim form to the Plaintiff's physician to obtain certification that the Plaintiff was disabled.

However, due to the Plaintiff's mild heart condition, Dr. Bloomfield would not certify the Plaintiff as being disabled. Consequently, on November 8, 1984, Ploeger and Associates wrote to the Plaintiff and informed her that her claim for a leave of absence due to disability could not be processed because Dr. Bloomfield had not certified that the Plaintiff was disabled. Ploeger and Associates advised the Plaintiff that if she wished to pursue the matter, she should discuss it with Dr. Bloomfield and then resubmit a claim form to the company. However, the Plaintiff never contacted Dr. Bloomfield again to discover why he had not certified her as disabled, nor did she contact any other physician for a disability determination.

After October of 1984, the Plaintiff did nothing more to pursue her disability claim until she contacted the Defendant in January of 1988. Then, it was not until September of 1989 that the Plaintiff filed her lawsuit against the Defendant. The Plaintiff now has only two claims for review by this Court.

## II. Summary Judgment

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

## III. Analysis

Contrary to the directions of this Court, the Plaintiff has failed to address in her summary judgment motion whether she is entitled to relief under § 502(a)(1)(B) and § 503 of ERISA. In its order of January 25, 1993, the Court directed the Plaintiff to file a supporting memorandum of law no later than February 8, 1993 to accompany her summary judgment motion that was filed on January 4, 1993. However, the Plaintiff in her supporting memorandum chose to present only the statute of limitations issue, which the Defendant does not contest, and she informed the Court that she was reserving the right to respond to the other issues pertaining to her claims at some unspecified future date. Because the Plaintiff has consistently failed to comply with this Court's directives and has had ample time to present her claims, and as the Defendant has fully briefed all of the issues pertaining to the Plaintiff's § 502(a)(1)(B) and § 503 ERISA claims, the Court will now rule on those claims.

Due to the fact that the Plaintiff's cause of action was filed within five years of the time the Plaintiff was advised of the denial of her claim for disability benefits, the Defendant has agreed that the Plaintiff's claims are not barred by any statute of limitations, and the Defendant will not challenge the claims on that basis.

Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), allows an employee to file a cause of action against an employer for the employer's breach of any provision of an employee benefit plan. Section 503 of ERISA, 29 U.S.C. § 1133, on the other hand, establishes certain procedural mechanisms that must be followed by an employer in denying an employee benefits under an employee benefit plan.

## A.

■■■ Under § 503 of ERISA, an employee benefit plan must provide written notice of the denial of a benefit, setting forth the reasons for the denial in an understandable manner, and it must also afford the claimant "full and fair review" of the decision to deny the benefit claim. 29 U.S.C. § 1133(1), (2). The Secretary of Labor has promulgated a regulation clarifying in greater detail the exact requirements of § 503. Under this regulation, the plan administrator must provide the claimant with specific reasons for the denial of the benefit, referring to the appropriate provision of the employee benefit plan, must inform the claimant of any additional material necessary to perfect the claim, and must inform the claimant of the steps to be taken if the claimant wishes to submit the claim for further review. 29 C.F.R. § 2560.503–1(f). The Seventh Circuit has held that a letter denying benefits under an employee benefit plan must "substantially (not strictly) comply" with the requirements of 29 C.F.R. § 2560.503–1(f) in order to satisfy § 503 of ERISA. *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 391–92 (7th Cir. 1983) (parenthetical in original). Also, the decision to deny benefits under an employee benefit plan will not be overturned unless the decision was arbitrary and capricious or is not supported by substantial evidence. *Id.* at 393. A court reviewing the decision of the employer is not to review the decision *de novo*, but should only determine whether the decision is supported by substantial evidence in the record. *Id.* at 394.

In this case, the Defendant's plan administrator, Ploeger and Associates, clearly informed the Plaintiff by letter on November 8, 1984 why her claim for a medical leave of absence could not be processed, namely, because Dr. Bloomfield would not certify that the Plaintiff was disabled. However, Ploeger and Associates did not refer to the plan provision which required disability in order to receive a medical leave of absence. The Seventh Circuit has held that the requirement of specifying "the pertinent plan provision" is only required if it would be necessary for the claimant "to fully apprehend the reason for the denial and to know what deficiency in his application must be overcome." *Id.* at 392. Because the Plaintiff was applying for disability benefits (a medical leave of absence) under the employer's plan, there was no need to cite to a specific plan provision to apprise the Plaintiff of the reason for the denial. The letter informed the Plaintiff that her disability claim could not be processed because her physician, Dr. Bloomfield, would not certify that the Plaintiff was disabled.

After explaining why the claim for disability benefits could not be allowed, the plan administrator then informed the Plaintiff that if she wished to proceed further with the claim, she should contact Dr. Bloomfield and have him resubmit the claim form to the plan administrator. This part of the letter satisfies both steps (3) and (4) of 29 C.F.R. § 2560.503–1(f), in that the Plaintiff is informed of what material is necessary to perfect her claim, and what steps must be taken for the Plaintiff to obtain further review of her claim. Therefore, because the evidence in the record indicates that the Defendant substantially complied with the requirements of 29 C.F.R. § 2560.503–1(f), there is no issue of material fact as to whether the Defendant has satisfied § 503 of ERISA, and consequently, the Defendant is entitled to judgment as a matter of law on that claim.

**1372**

### B.

 In order for a claimant to sustain a cause of action for an employer's breach of an employee benefit plan under § 502(a)(1)(B) of ERISA, the claimant must establish that "she has satisfied the conditions necessary for benefits under the plan." *Tolle*, 977 F.2d at 1133. In this case, in order for a claimant to receive disability benefits under the employee benefit plan, the claimant must show that she is "totally disabled." Based on a review of the record, there is simply no issue of material fact as to whether the Plaintiff satisfied the conditions necessary for receiving benefits under the plan. The Plaintiff was not entitled to receive disability benefits because her physician would not certify that the Plaintiff was disabled. Also, the Plaintiff made no effort to later contact either her own physician or any other doctor for a renewed determination of her disability status. Therefore, because the Plaintiff failed to satisfy the conditions precedent to receiving benefits under the plan, she cannot claim that the Defendant breached the employee benefit plan by failing to provide her with disability benefits. Consequently, the Court finds that the decision of the Defendant to deny the Plaintiff disability benefits is supported by substantial evidence in the record and that the Plaintiff has failed to demonstrate that there is any question of material fact that could support a claim for relief under § 502(a)(1)(B) of ERISA.

### C.

 Moreover, the Seventh Circuit has held that a district court may require that the Plaintiff exhaust her available administrative remedies before filing a claim for an alleged ERISA violation. *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 826 (7th Cir.1991). In this case, there is no question of material fact as to whether the Plaintiff failed to pursue her rights under the employee benefit plan. From an examination of the record, the plan provides a review procedure whereby a claimant can file a request for appeal within 65 days of the denial of a benefit claim. Following the receipt by the Plaintiff of the November 8, 1984 letter informing her that her claim could not be processed further without certification of disability, the Plaintiff chose not to appeal the decision. Because the Plaintiff failed to file an internal appeal with the Defendant, she failed to exhaust her administrative remedies before filing her § 502(a)(1)(B) ERISA claim, and consequently, the Defendant is entitled to judgment as a matter of law on that claim.

*Ergo*, the Plaintiff's motion for summary judgment is DENIED, and the Defendant's motion for summary judgment is ALLOWED. Each party is to bear its own costs.

SO ORDERED.

CASE CLOSED.