Rita KUPFERSCHMIDT, Plaintiff,

v.

Marvin RUNYON, Postmaster
General, Defendant.

No. 92–C–1071.

United States District Court,
E.D. Wisconsin.

July 22, 1993.

Rita Kupferschmidt, pro se.

Lynne M. Solien, Asst. U.S. Atty., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

Rita Kupferschmidt, a former employee of the United States Postal Service, is suing Postmaster General Marvin Runyon for refusing to reinstate her because of her mental handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–797b. The court has jurisdiction over the subject matter of her Complaint pursuant to 28 U.S.C. § 1331. The Defendant has answered and denied liability, and, after a period of time for discovery, has moved for dismissal, or, in the alternative, for summary judgment. *See* Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) & 56. Because matters beyond the pleadings have been submitted by the movant, the court will address all nonjurisdictional prongs of the motion as a motion for summary judgment.

## I. FACTS

In compliance with Local Rule 6, § 6.05, the movant has proposed the following findings which the court finds are supported by the record:

1. Rita Kupferschmidt was an employee of the United States Postal Service in Milwaukee, Wisconsin for approximately 25 months beginning in 1985.[1]

2. On March 18, 1987, plaintiff threatened to kill coworkers and a supervisor at the job site. Based on her threats of violence, plaintiff was placed on emergency suspension and then discharged.

3. Thereafter, plaintiff applied for reinstatement on at least two occasions.[2] The Postal Service declined to reinstate her on each occasion.

4. Plaintiff did not file an administrative claim of discrimination over the Postal Service's January, 1990 denial of her August, 1989 request for reinstatement.

5. In March of 1990, plaintiff applied for reinstatement again. On May 3, 1990, the Postal Service again refused to reinstate plaintiff to employment.

6. Plaintiff filed her first administrative complaint of handicap discrimination over the May 3, 1990 denial of her request for reinstatement.

7. Plaintiff's claims of handicap discrimination were rejected by an administrative judge of the EEOC in a decision dated September 7, 1992 and by the Postal Service itself in its final agency decision of September 16, 1992.

8. Plaintiff is currently receiving both Social Security and FERS disability retirement benefits [for] a mental disability which has continued from 1984–1993.

Memorandum in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (April 14, 1993) at 2–4 (citations and footnotes omitted).

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), a party moving for summary judgment must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *McGraw–Edison Company v. Walt Disney Productions*, 787 F.2d 1163, 1167 (7th Cir.1986). When faced with a properly supported motion for summary judgment, the nonmovant may not avoid judgment by sim-

---

1. The Plaintiff alleges that she was hired in 1984.

2. In her response to interrogatories, plaintiff indicated that she applied for reinstatement on three occasions: August 15, 1989; January 8, 1990; March 28, 1990.

ply resting on her pleadings. When the non-movant bears the burden of persuasion on an issue at trial, she must affirmatively demonstrate, by specific showings, that there is a genuine issue of material fact requiring a trial. *See First National Bank of Cicero v. Lewco Securities Corporation,* 860 F.2d 1407, 1411 (7th Cir.1988).

A "genuine" factual issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

A summary judgment procedure is not meant to be a trial on affidavits. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255, 106 S.Ct. at 2513. At the summary judgment stage the judge's function is to determine whether there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See First National Bank of Arizona v. Cities Service Company,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). This inquiry implicates the substantive evidentiary standard of proof that would apply at a trial on the merits. Thus, in a civil case such as this, the record must show that a jury could find by a preponderance of the evidence that the Plaintiff is entitled to a verdict in her favor. *See Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. If the Plaintiff's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Id.* at 249–50, 106 S.Ct. at 2511.

A summary judgment motion will not be denied merely on the basis of a "metaphysical doubt" about the facts, *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986), "or on the basis of conjecture or surmise," *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Courts need not be reluctant to grant summary judgment in appropriate cases since "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." *Celotex Corporation v. Catrett,* 477 U.S. at 323–24, 106 S.Ct. at 2553.

Guided by these standards, the court will now proceed to determine whether the Postmaster General is entitled to judgment under the applicable law, which, in this case, is found in the federal Rehabilitation Act of 1973, 29 U.S.C. §§ 701–797b.

## III. DISCUSSION AND DECISION

### A. TIMELY EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ First, the Defendant argues that Kupferschmidt's claims should be dismissed because she failed to exhaust administrative remedies the first two times she was rejected for reemployment. A person alleging discrimination under the Rehabilitation Act must exhaust administrative remedies as a condition precedent to bringing an action in district court. *See Smith v. United States Postal Service,* 742 F.2d 257, 262 (6th Cir. 1984). In the case of discrimination by a federal agency, including the Postal Service, these remedies include any remedies available within the agency that the complainant must pursue before the alleged discrimination becomes final agency action. *See* 42 U.S.C. §§ 2000e–16(a) & (c).

In her Complaint, Kupferschmidt alleges that on March 28, 1990, she sent a letter to the Postal Service requesting reinstatement. On May 3, 1990, she received a letter of rejection. At the administrative hearing the administrative law judge (ALJ) found that she had also applied for reinstatement in August of 1989 and was denied in January of

1990.[3] The ALJ then found that Kupferschmidt first contacted an Equal Employment Opportunity (EEO) counselor at the Postal Service about May 22, 1990. The United States Civil Service administrative regulations provide that a person must bring a complaint to the attention of the employing agency's EEO counselor within thirty days of the alleged discrimination. *See* 29 C.F.R. § 1613.214(a)(1)(i).

■ Based on this time limit, the Postal Service contends that Kupferschmidt's claim based on the January of 1990 rejection cannot be considered because she did not contact an EEO officer in the Postal Service within thirty days after she received the rejection. Apparently, the agency representative did not challenge the timeliness of the January 1990 claim before the ALJ because there is no discussion of this issue in the ALJ's decision. Nevertheless, an agency cannot waive the employer's right to challenge timely notice before the district court. *See Allen v. Diebold Incorporated,* 807 F.Supp. 1308, 1313 (N.D.Ohio 1992). The thirty-day notice requirement, however, is not jurisdictional and can be extended for "reasons considered sufficient by the agency." 29 C.F.R. § 1613.214(a)(4). However, faced with a timeliness challenge by the Postmaster General, Kupferschmidt has set forth no reasons for extending the thirty-day period. Therefore, because Kupferschmidt has not met her burden of justifying equitable modification, the court concludes that she is foreclosed from maintaining any claim based on the January of 1990 reinstatement rejection. *See Hamilton v. Komatsu Dresser Industries, Inc.,* 964 F.2d 600, 605–06 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992).

■ Next, the Postal Service argues that the May of 1990 failure to reinstate claim should also be dismissed because Kupferschmidt's reapplication following the January

rejection was obviously futile and was merely an attempt to extend the administrative limitation period for the January rejection. The record does not reveal any change of circumstances which might have prompted Kupferschmidt's March of 1990 reapplication and Kupferschmidt herself has offered no explanation. At least one district court in this circuit has ruled that a plaintiff cannot extend a limitation period by repeatedly renewing a demand for reinstatement. *See Mitilinakis v. City of Chicago,* 735 F.Supp. 839, 841 (N.D.Ill.1990). Although the court agrees with this ruling, it will proceed to consider the merits of the claim based on the refusal to rehire in May of 1990, because the filings for the May of 1990 claim were timely in other respects and because the parties have not adequately addressed this issue in their briefs.

## B. REHABILITATION ACT CLAIM

■ The Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701–797b, as amended, (West Supp.1993), is legislation designed to assist and protect the rights of the handicapped. The Act provides for private rights of action to redress violations of the Act under two sections. Section 501, 29 U.S.C.A. § 791 (West Supp.1993), imposes an affirmative duty upon federal agencies "to structure their procedures and programs so as to ensure that handicapped individuals are afforded equal opportunity in both job assignment and promotion." *Ryan v. Federal Deposit Insurance Corporation,* 565 F.2d 762, 763 (D.C.Cir.1977). Section 504 of the Act, 29 U.S.C.A. § 794 (West Supp.1993), prohibits discrimination against individuals with handicaps by reason of their handicap "under any program or activity conducted by any Executive agency or by the United States Postal Service."

Unfortunately, in this case, the parties have not identified which section of the Reha-

---

**3.** In the course of the discovery process, Kupferschmidt stated in answer to an interrogatory that she had also applied for reinstatement in April or May of 1987. She admits that she sought no administrative relief after reinstatement was denied on that occasion. Therefore, as a matter of law, the court clearly has no jurisdiction to consider the 1987 incident, *see McGuinness v. United*

*States Postal Service,* 744 F.2d 1318, 1319–20 (7th Cir.1984). As a matter of fact, Kupferschmidt was not removed from employment until May 6, 1987. *See* Plaintiff's Response to Factual Assertions Contained Within the Defendant's Motion for Dismissal or Summary Judgment Dated April 14, 1993 at Exhibit (April 1, 1987 "Notice of Removal").

bilitation Act is at issue. This is essential because there are procedural and remedial differences between sections 501 and 504. *See McWright v. Alexander,* 982 F.2d 222, 226 n. 1 (7th Cir.1992). The Seventh Circuit is among those courts of appeals which have expressed doubt that section 504 applies to employment discrimination suits against federal agencies. *See Id.* at 225; *Overton v. Reilly,* 977 F.2d 1190, 1193 (7th Cir.1992); *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1321–22 (7th Cir.1984).

In moving for summary judgment the sole argument propounded by the Postmaster General is that: "plaintiff cannot prove that she is capable of performing the essential functions of her former position either with or without accommodation. Plaintiff is totally disabled from work as evinced by her receipt of Social Security and Federal Employee Retirement System disability retirements benefits." Memorandum in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment at 10. In other words, the Defendant contends that, because other government agencies have concluded that Kupferschmidt was totally disabled at some time in the past, Kupferschmidt cannot prove that she is a "qualified handicapped person" at the time she applied for reinstatement—a necessary element of any Rehabilitation Act claim.

"Qualified" is a defined term. The Equal Employment Opportunity Commission defines a "qualified handicapped person" as one who "with or without reasonable accommodation, can perform the essential function of the position in question...." 29 C.F.R. § 1613.-702(f). The record in this case does not reveal the essential functions of the position Kupferschmidt formerly held at the Postal Service. *Cf. Davis v. Frank,* 711 F.Supp. 447, 453 (N.D.Ill.1989) (job description is relevant to determination of essential functions of position). As set forth above, however, the Defendant maintains that Kupferschmidt is not qualified for any position with or without reasonable accommodation because she receives Social Security disability benefits and Federal Employee Retirement System disability retirement benefits.[4] This court cannot grant summary judgment as a matter of law on this basis because six months before the Defendant submitted his brief the Seventh Circuit indicated that a finding of disability by the Social Security Administration should not be given preclusive effect in a Rehabilitation Act case. *See Overton v. Reilly,* 977 F.2d 1190, 1196 (7th Cir.1992) ("the determination of disability may be relevant evidence of the severity of [the Plaintiff's] handicap, but it can hardly be construed as a judgment that [the Plaintiff] could not do his job").

A more fruitful inquiry might have been whether Kupferschmidt's job site misconduct, standing alone, disqualifies her from reinstatement.[5] The ALJ found that the Postal Service denied reinstatement in May of 1990 based on Kupferschmidt's "previous Postal Service record," not because of mental illness. *See* Memorandum in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment at Exhibit (Statement of Findings, Analysis and Recommended Decision in the Complaint of Rita Kupferschmidt).[6] But, because this issue was not raised by the Defendant as a ground for summary judgment, this issue, as well as whether the Plaintiff was "qualified" at the time she sought reinstatement, must be decided at trial.

### ORDER

For these reasons the court ORDERS that the "Defendant's Motion for Dismissal or in the Alternative for Summary Judgment" (filed April 14, 1993) IS DENIED.

Done and Ordered.

---

4. Although the Plaintiff does not dispute that she is receiving disability benefits, no certified copies of the administrative determinations have been introduced into the record. The record is also devoid of any allegation or evidence that the Defendant or anyone else at the Postal Service was aware of the exact nature of Kupferschmidt's handicap at the time she was rejected.

5. Kupferschmidt, while on duty, had threatened to kill fellow employees.

6. The Defendant's exhibits are not authenticated by affidavit or otherwise certified.