Anthony James MARVELLO, Plaintiff,

v.

CHEMICAL BANK, Carl Delvecchio and
Barbara Murname, Defendants.

No. 95 Civ. 6380.

United States District Court,
S.D. New York.

April 10, 1996.

Order Adhering to Decision
to Adopt Report and Recommendation
April 12, 1996.

Anthony James Marvello, Brooklyn, NY,
Pro Se.

Karen L. Turner, Assistant General Counsel, Legal Dept., New York City, for Defendants.

ORDER

KIMBA M. WOOD, District Judge.

In this action, *pro se* plaintiff Anthony Marvello ("Marvello") sues Chemical Bank ("Chemical") and two of its employees, alleging that, by denying him a job interview, they discriminated against him in violation of

the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

Chemical moves to dismiss, contending that Marvello is estopped, by his prior representation to the Social Security Administration that he is totally disabled, from now contending, as the ADA requires, that with reasonable accommodation of his disability he could "perform the essential functions of the employment position [he] desires." *See* 42 U.S.C. § 12111(8) (1994).

On March 26, 1996, I received a Report and Recommendation ("Report") relating to Chemical's motion from Magistrate Judge Andrew J. Peck. As of the date of this order, I have received no objections to the Report.

In the Report, Magistrate Judge Peck recommended that I deny Chemical's motion to dismiss Marvello's claims, because limited fact discovery is necessary to determine (1) whether and when Marvello in fact previously represented, in a sworn statement, that he was totally disabled; and (2) whether, after the time such a statement was made, if one was made at all, Marvello's condition may have improved.[1]

I adopt Magistrate Judge Peck's recommendation in its entirety, and I deny Chemical's motion. As Magistrate Judge Peck also recommended, I deny the motion without prejudice to Chemical's ability to later move for summary judgment and to make its estoppel argument then, if it has a basis for doing so. Finally, I approve the schedule for limited discovery set out in the Report.

SO ORDERED.

## ORDER ON REQUEST FOR EXTENSION OF TIME

■ The plaintiff in this action, Anthony James Marvello ("Marvello") has written to the court to request an extension of time to file objections to Magistrate Judge Peck's Report and Recommendation ("Report") in this action. I adopted the Report on April 10, 1996. Marvello contends that, because of his disability, he needs a longer time than was originally given in which to file objections.

I would ordinarily vacate my adoption of the Report, and grant such an extension, in view of Marvello's disability. However, in this court's view, Magistrate Judge Peck's Report in this action, which this court adopted in its entirety, largely benefitted Marvello.

As the Report recommended, I denied Chemical Bank's motion to dismiss, holding that Chemical Bank could not rely on the allegations of Marvello's complaint alone in arguing that Marvello was estopped, by prior statements regarding the extent of his disability, from suing under the Americans with Disabilities Act. In addition, as the Report recommended, I indicated (1) that Chemical Bank would be allowed to seek discovery of any prior sworn statements by Marvello regarding the extent of his disability, and (2) that both Marvello and Chemical Bank would be allowed to seek discovery of evidence indicating whether or not Marvello's disability improved after the time when he made any prior statements concerning the extent of his disability, and prior to time when Marvello sought a job interview at Chemical Bank.

It is highly unlikely that Marvello seeks to object to my decision to deny Chemical Bank's motion to dismiss his case. Accordingly, I infer that Marvello must seek to object to the discovery described above—on the ground that it is overly burdensome, or otherwise inappropriate. Such an objection should be directed, in the first instance, to Magistrate Judge Peck, to whom this case is referred for pre-trial supervision.

Accordingly, I direct Marvello to make any discovery-related arguments he wishes to present to Magistrate Judge Peck; I deny Marvello's request for an extension of his time to file objections to Magistrate Judge Peck's Report; and I abide by my decision, in a separate order, to adopt the conclusions of the Report in full.

Marvello also requests appointment of counsel, in his letter. This request should be

---

1. Like Magistrate Judge Peck, I currently express no view on the question whether such a statement, if made, would imply that Marvello is estopped from bringing this action.

directed, in the first instance, to Magistrate Judge Peck.

SO ORDERED.

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

**TO THE HONORABLE KIMBA M. WOOD, United States District Judge:**

Plaintiff Anthony Marvello, acting pro se, has sued Chemical Bank and two of its employees for discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq. ("ADA"). Chemical has moved to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) and to stay discovery pursuant to Fed.R.Civ.P. 26(c). Chemical's basis for its motion to dismiss is that Plaintiff Marvello is judicially estopped, as a matter of law, from suing under the ADA as a recipient of Social Security Supplemental Security Income ("SSI"). For the reasons set forth below, I recommend that the Court deny Chemical's motion to dismiss because limited fact discovery is necessary before the Court can determine whether plaintiff Marvello is estopped from suing under the ADA.

### FACTS

For purposes of this motion to dismiss, the Courts must accept the well-pleaded allegations in the complaint as true. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). Accordingly, this opinion will summarize Marvello's amended complaint, without resorting to the phrase "plaintiff alleges."

Plaintiff Marvello has a disability, called "traumatic brain injury," which was caused by an accident. (Amended Complaint, filed 12/12/95 ["Cplt."], p. 1.) Marvello "went through a lot of cognitive rehabilitation" after the accident, and acknowledges that he "still has problems in doing things." (*Id.*) Marvello has received job training from the New York Institute of Finance, where he had the assistance of a job coach. (Cplt., p. 2.) Due to his disability, Marvello has not worked since 1968 and has received public assistance in the form of Medicaid, SSI, and "Social Security Disability" [benefits] in the amount of $564 per month. (Turner Aff. Ex. A: Marvello's In Forma Pauperis Petition, ¶¶ 3, 8.)

From September 1993 to April 1994, plaintiff Marvello applied for entry level jobs at Chemical Bank. (Cplt., pp. 2, 3.) Marvello requested on the application that he receive the assistance of a person acting as a "job coach" on a temporary basis as a "reasonable accommodation" under the ADA. (*Id.*) Marvello was denied assistance and told that "a person has to be selected for a job first before they make accommodations for a person." (Cplt., p. 3.) Chemical further told Marvello that they do not give out a list of job openings. (Cplt., pp. 3, 4.)

Marvello alleges that Chemical discriminated against him by not granting him an interview because of his disability. (Cplt., p. 1.) Although Chemical referred to his lack of experience and history of unemployment, these reasons were a "pretext to cover their bias." (Cplt., pp. 2, 3.) Moreover, some of the positions for which Marvello applied were entry level positions such as bank teller that did not require prior experience. (Cplt., p. 3.) Chemical discriminatorily screened out Marvello before ascertaining what abilities he had with accommodations. (*Id.*) Marvello maintains that he needs to have a person from the New York Institute of Finance give him temporary assistance as a job coach. (Cplt., p. 4.)

### ANALYSIS

This case involves an issue of first impression in this Circuit: whether a person who is considered totally "disabled" for purposes of collecting Social Security disability benefits is entitled to protection under the ADA.

For purposes of receiving Social Security disability insurance benefits, a person is considered disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). That impairment must be of such severity that the person

is not only unable to do his previous work but *cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy,* regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (emphasis added).

The ADA states, in pertinent part, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures." 42 U.S.C. § 12112(a) (1994). Thus, among other requirements, in order to state a claim under the ADA, a plaintiff must show that he or she is a "qualified individual with a disability" within the meaning of the ADA. *Id.*

The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, *can perform the essential functions of the employment position that such individual holds or desires.*" 42 U.S.C. § 12111(8) (1994); 29 C.F.R. § 1630.2(m) (emphasis added).

The crux of Chemical's argument is that plaintiff Marvello is judicially estopped from asserting an ADA claim because he was determined to be eligible for SSI disability, and therefore by definition, cannot work. In other words, Chemical argues that it is impossible for Marvello to take the legal position that he is unable to work for purposes of receiving SSI benefits, but qualified to perform work with an accommodation pursuant to the ADA.

No cases from this Circuit address this issue. However, as the Court noted in *McNemar v. Disney Stores, Inc.,* Civ.A. 94–6997, 1995 WL 390051 at *4 (E.D.Pa. June 30, 1995), "most federal courts agree that an employee who represents on a benefit application that he is disabled is judicially estopped from arguing that he is qualified to perform the duties of the position involved." For cases granting defendant summary judgment because plaintiff, who represented in a disability application or testimony at a Social Security or similar hearing that he was disabled, was estopped thereby from claiming to be a "qualified individual with a disability" under the ADA, *see also, e.g., August v. Offices Unlimited, Inc.,* 981 F.2d 576, 584 (1st Cir.1992); *Peques v. Emerson Electric Co.,* 913 F.Supp. 976, 980–81 (N.D.Miss. 1996); *Smith v. Midland Brake, Inc.,* 911 F.Supp. 1351, 1357–59 (D.Kan.1995); *Nguyen v. IBP, Inc.,* 905 F.Supp. 1471, 1484–85 (D.Kan.1995); *Harden v. Delta Air Lines, Inc.,* 900 F.Supp. 493, 496–97 (S.D.Ga.1995); *Cheatwood v. Roanoke Indus.,* 891 F.Supp. 1528, 1537–38 (N.D.Ala.1995); *Garcia–Paz v. Swift Textiles, Inc.,* 873 F.Supp. 547, 554–55 (D.Kan.1995); *Kennedy v. Applause, Inc.,* CV 94–5344, 1994 WL 740765 at *3–4 (C.D.Cal. Dec. 6, 1994); *Reigel v. Kaiser Foundation Health Plan of N.C.,* 859 F.Supp. 963, 967–70 (E.D.N.C.1994).

■ In all the above cited cases, the Court either explicitly or implicitly relied on the doctrine of judicial estoppel in granting defendant summary judgment. "The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior legal proceeding." *Bates v. Long Island R.R.,* 997 F.2d 1028, 1037 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993). There are two objectives behind judicial estoppel: (1) "to preserve the sanctity of the oath by demanding absolute truth and consistency in all sworn positions"; and (2) "to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." 997 F.2d at 1037.

■ In order to apply the doctrine of judicial estoppel, the Court must have before it a prior sworn inconsistent statement by the plaintiff. All the cases cited above were decided on motions for summary judgment, not motions to dismiss, and in every case, there was evidence of plaintiff's inconsistent testimony before the Social Security Administration or similar agency, or plaintiff's statement in a disability application, that he or she was "totally disabled." This evidence formed the basis for the decision that the

plaintiff was judicially estopped to deny the prior statement of total disability.

While Marvello's in forma pauperis petition here states that he receives SSI and disability benefits, plaintiff's complaint, even including his IFP petition, does not show that plaintiff Marvello previously has claimed in a sworn statement to be totally disabled. The Court has no evidence as to what statement Marvello might have made to the Social Security Administration about his condition. Accordingly, the Court must deny Chemical's motion to dismiss. *See Fussell v. Georgia Ports Authority,* 906 F.Supp. 1561, 1575–76 (S.D.Ga.1995) (while "there is every reasonable inference" that plaintiff swore to being totally disabled "given the working framework of the SSI program," since there was no direct evidence in the record that plaintiff swore to disability, summary judgment denied).

### Discovery

The parties will be given 60 days to develop the factual record as to plaintiff Marvello's statements of total disability, if any, to the Social Security Administration in hearings or applications. Defendant Chemical Bank is free to seek relevant documents from plaintiff (or from Social Security by obtaining a release from plaintiff for his records) and to depose plaintiff. The Court hereby stays all discovery other than that addressed to plaintiff's prior representations of total disability, and any subsequent improvement in plaintiff Marvello's condition. *See Harden v. Delta Air Lines, Inc.,* 900 F.Supp. at 497 (plaintiff cannot " 'speak out of both sides of [his] mouth,' " that is, he cannot seek ADA protection after receiving SSI benefits without offering evidence that his medical condition has changed); *Smith v. Dovenmuehle Mortgage, Inc.,* 859 F.Supp. 1138, 1142 (N.D.Ill.1994) (summary judgment denied based on doctor's testimony that plaintiff had recovered from his prior disability).

At the conclusion of the 60–day period, defendant Chemical Bank may file a summary judgment motion; if it does not, the partial stay of discovery is automatically lifted.

### Policy Concerns

While as noted above "most" federal courts have applied judicial estoppel in this situation, the Court need not decide at this time whether it will do so. The Court notes that there are contrary cases, finding that disability for purposes of SSI does not preclude an individual from protection under the ADA. *See, e.g., Overton v. Reilly,* 977 F.2d 1190, 1196 (7th Cir.1992) (although SSA determination that chemist was entitled to disability benefits might be relevant evidence of severity of his handicap, it could not be construed as judgment that he was not qualified to do his job under the Rehabilitation Act); *Dockery v. North Shore Medical Center,* 909 F.Supp. 1550, 1557–59 (S.D.Fla.1995) (rejecting application of judicial estoppel based on statements in administrative filings); *Smith v. Dovenmuehle Mortgage, Inc.,* 859 F.Supp. at 1140–41 (because a substantial period of time had elapsed since representation to SSA that plaintiff was disabled and since plaintiff presented testimony of doctor that he had since recovered, summary judgment on ADA claim denied); *Kupferschmidt v. Runyon,* 827 F.Supp. 570, 574 (E.D.Wis.1993) (finding of disability by the SSA should not be given preclusive effect in a Rehabilitation Act case, citing *Overton v. Reilly*).

The Court also notes that plaintiff Marvello has submitted a pamphlet issued by the Social Security Administration, dated January 1996, which addresses the possibility of receiving disability benefits, at least for a limited time period, while working. (*See* Pamphlet entitled "Social Security: Working While Disabled: How We Can Help," attached to Marvello 3/14/96 letter.) The "booklet provides information to help you treat your disability as a 'bridge,' not the end of the road." *Id.* at 2. "Helping people with disabilities to lead independent and fuller lives is a national policy affecting both the government and the private sector." *Id.* This pamphlet is consistent with, and appears to be based upon 42 U.S.C. § 422(c)(3) which allows SSI recipients to engage in a "period of trial work." The trial work period allows a recipient to work for up to nine months while receiving SSI benefits, subject to some limitations. This provision, which is

**492**

clearly intended to encourage SSI recipients to seek work even while receiving SSI support, was not addressed in any of the decisions cited above. Assuming Chemical Bank decides to file a summary judgment motion after the 60–day discovery period set forth above, Chemical should address the policy concerns and implications of 42 U.S.C. § 422(c)(3).

### CONCLUSION

For the reasons set forth above, I recommend that the Court deny defendant Chemical Bank's motion to dismiss the complaint.

IT IS HEREBY ORDERED that general discovery is stayed for a 60–day period to allow the parties discovery as to plaintiff Marvello's representations as to his disability to the Social Security Administration and any change in his medical condition thereafter. If Chemical moves for summary judgment at the conclusion of the 60–day period, the general discovery stay will remain in effect; otherwise, the stay will be automatically lifted.

### *FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Wood. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59

(2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983).

Dated: New York, New York
March 26, 1996