Charles BONNANO, Plaintiff,

v.

GANNETT COMPANY, INC., the Prudential Insurance Company of America, and the Gannett Long Term Disability Plan, Defendants.

No. 94 Civ. 3252 (JSR).

United States District Court, S.D. New York.

Aug. 5, 1996.

Jack Schloss, Pearl River, NY, for Plaintiff.

Michael Carro, Schwartz & Greenberg, New York City, for the Prudential Insurance Company of America.

Thomas G. Dignan, Nixon, Hargrave, Devans & Doyle, L.L.P., Garden City, NY, for Gannett Company Inc. and the Gannett Long Term Disability Plan.

*MEMORANDUM OPINION*

RAKOFF, District Judge.

Plaintiff, as a result of surgery, "acquired a disability which limited plaintiff's ability to

engage in activities which would place stress on plaintiff's neck and back (such as extensive driving)." Complaint, ¶ 44. Initially claiming that this prevented him from working at all, plaintiff filed for long-term disability benefits under an employee welfare benefit plan established by his employer, defendant Gannett.[1] When these benefits were denied, plaintiff reversed field and claimed that Gannett had failed to accommodate his alleged disability and had terminated him because of it. Straddling both these theories, he then commenced the instant action, alleging violations of both the Employee Retirement Income Security Act ("ERISA") and the Americans with Disabilities Act ("ADA").

Following discovery, defendants moved for summary judgment. After full briefing, the Court heard initial oral argument on June 25, 1996 and supplemental oral argument on July 22, 1996, following which the Court orally granted defendants' motions, stating on the record in open court the reasons therefor. This Memorandum will serve to formally confirm those rulings and to briefly summarize some of the grounds therefor.

■ With respect to plaintiff's ERISA claim (the First Cause of Action), the test is whether looking at the evidence available to the Gannett plan's administrator at the time of the challenged action, the denial of long-term benefits was arbitrary and capricious. *See Firestone Tire and Rubber Company v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir. 1995); *Jordan v. Retirement Committee of Rensselaer Polytechnic Institute,* 46 F.3d 1264, 1269–1271 (2d Cir.1995). Accepting plaintiff's view of what evidence was before the administrator at that time and construing every reasonable inference in plaintiff's favor, it is still manifest that no reasonable person could find that the denial was arbitrary and capricious. For example, plaintiff's own affidavit effectively concedes that the initial determination to deny benefits to plaintiff was made after i) a review of all of

plaintiff's medical records; ii) a review of plaintiff's job description; and iii) a telephone interview of plaintiff's former treating physician, Dr. Fromm, who stated that plaintiff's physical condition had improved and was now within normal limits. (Affidavit of Charles Bonnano, Exs. A & E). Plaintiff also does not dispute that upon his application for reconsideration of the decision to deny the benefits, the administrator considered additional medical evidence in detail. (Pl.Aff., Ex. E). Finally, plaintiff does not dispute that he was given clear notice that the benefits were denied because his own treating physicians would not certify that he was disabled (Pl.Aff, ¶ 20; Pl. 3(g) statement ¶ 20). Thus plaintiff was fully able to apprehend the reason for the denial of benefits. *See Tolle v. Carroll Touch, Inc.,* 813 F.Supp. 1368, 1371 (C.D.Ill.1993). In short, plaintiff provides no basis on which the determination of the plan administrator could possibly be found to be arbitrary or capricious.

■ In addition, the first cause of action is independently barred as to defendant Prudential because plaintiff does not have standing to bring a claim in his individual capacity against the plan administrator. Rather, the law is well settled in this Circuit that a plaintiff making the kind of claims here alleged against a plan administrator can only sue, derivatively, on behalf of the plan. *See, e.g., Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993).[2]

■ As to the ADA claim (the Second Cause of Action), the Court finds that plaintiff has failed to make out even a *prima facie* case of discrimination under the ADA, *see Lyons v. Legal Aid Society,* 68 F.3d 1512, 1515 (2d Cir.1995); *Sweet v. Electronic Data Systems, Inc.,* 1996 WL 204471, *4 (S.D.N.Y. 1996), for at least two reasons. First, the only alleged disability is that plaintiff cannot easily accommodate prolonged stress on his neck and back; for example, while he is able to drive 50 miles or so a day, he cannot drive 150 miles or so a day without substantial discomfort. At the most, plaintiff might be

---

**1.** Defendant claims that plaintiff's actual employer was Gannett Suburban Newspapers ("GSN").

**2.** *Lockheed Corporation v. Spink,* —— U.S. ——, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996) does not purport to overrule the settled law on this issue.

able to show that he cannot perform a particular kind of activity, but not that he is precluded from engaging in the broad range of normal work activities. *See Sweet* at *4. As plaintiff's counsel conceded in open court, it would be unprecedented for the Court to find that the kind of limited disability here alleged met the existing legal standards for a "disability" under the ADA. *See id.* at *5. The Court declines to create such an unwarranted precedent.

Second, whatever plaintiff may now claim about the nature and extent of his disability, it is totally at variance with the unequivocal formal representations he previously made to Gannett and others (including New York State) in connection with his applications and appeals for long-term disability benefits. In those applications and proceedings, he represented that he was so completely and permanently disabled that he would be unable ever to return to work. *See, e.g.,* Def. Gannett Dep., Ex. C; Pl.Aff., Ex. C. But a disability of such magnitude and permanence would disqualify him from ADA coverage. *See Teahan v. Metro–North Commuter Railroad Company,* 80 F.3d 50, 53–54 (2d Cir.1996). Accordingly, in his second Cause of Action here plaintiff effectively seeks to disavow his prior representations and to claim he has a lesser disability meeting the ADA standards. Such gamesmanship and blatant inconsistency cannot serve as a basis to defeat summary judgment. *See, e.g., August v. Offices Unlimited, Inc.,* 981 F.2d 576, 584 (1st Cir.1992); *Marvello v. Chemical Bank,* 923 F.Supp. 487, 490 (S.D.N.Y.1996).

Accordingly, for these and other reasons previously stated in open court, summary judgment must be awarded to the defendants on all claims.

The Clerk of the Court is to enter judgment.

SO ORDERED.