Connie M. TOLLE, Plaintiff–Appellant,

v.

CARROLL TOUCH, INC., Defendant–Appellee.

No. 93–1985.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 7, 1994.

Decided April 27, 1994.

Evan A. Strawn (argued), Bloomington, IL, for plaintiff-appellant.

Ray E. Alexander, Requa & Alexander, Springfield, IL, Vincent Candiello (argued), Morgan, Lewis & Bockius, Harrisburg, PA, for defendant-appellee.

Before CUDAHY and COFFEY, Circuit Judges, and NORGLE, District Judge.*

NORGLE, District Judge.

This case concerns the district court's orders denying plaintiff-appellant Connie M. Tolle's ("Tolle") motion to voluntarily dismiss the action pursuant to Fed.R.Civ.P. 41(a)(2), and granting defendant-appellee Carroll Touch, Inc.'s ("CTI") motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). The issues on appeal are whether the district court abused its discretion in denying Tolle's motion to voluntarily dismiss the action in order to proceed in state court, and whether the district court erred in granting CTI's motion for summary judgment on Tolle's claims asserted under §§ 502(a)(1)(B) and 503 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* We affirm.

## BACKGROUND

Having issued a prior opinion in this matter, *Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129 (7th Cir.1992), we will discuss only the facts relevant to the disposition of this appeal. On September 29, 1989, Tolle filed a complaint against CTI in the United States District Court for the Central District of Illinois, Springfield Division seeking ERISA

benefits. On October 31, 1989, Tolle amended her complaint. After extensive discovery was completed by the litigants, CTI filed a summary judgment motion on April 5, 1991. On May 20, 1991, the district court granted the motion holding that Tolle's state law claims against CTI were preempted by ERISA and that Tolle's claims under § 510 of ERISA were time-barred by the applicable statute of limitations. Tolle subsequently appealed the judgment of the district court. We affirmed the district court's dismissal of both claims. *Id.* at 1133. The case was, however, remanded to the district court for further proceedings on claims for relief under §§ 502(a)(1)(B) and 503 of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1133, which were neither clearly presented to nor addressed by the district court. *Id.* at 1142.

In accordance with our remand order of October 20, 1992, the district court issued an order on December 11, 1992 instructing the parties to file cross-motions for summary judgment by January 4, 1993 on the issues of whether Tolle's claims under §§ 502(a)(1)(B) and 503 of ERISA were time-barred and whether Tolle was entitled to relief under those claims. On December 18, 1993, Tolle filed a motion to voluntarily dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. According to the motion, Tolle sought to dismiss the action so that she may pursue the ERISA claims in a pending state action against CTI. On January 4, 1993, however, Tolle filed her motion for summary judgment, without a supporting memorandum of law, in partial compliance[1] with the district court's December 11, 1993 order. In response to Tolle's motion to dismiss, CTI filed its objections on January 5, 1993.

On January 27, 1993, the district court denied Tolle's motion to voluntarily dismiss and permitted her to file a memorandum of law in support of her motion for summary

---

* Honorable Charles R. Norgle, Sr., of the Northern District of Illinois, Eastern Division, is sitting by designation.

1. Tolle in filing her summary judgment motion partially complied with the district court's order of December 11, 1992. The district court instructed the parties to file a motion for summary

judgment motion on the issues of whether Tolle's remaining claims on remand were barred by the applicable statute of limitations *and* whether she was entitled to relief under those claims. Tolle, however, filed her summary judgment motion addressing only the statute of limitations issue.

judgment by February 8, 1993. The order further directed CTI to file both its response to Tolle's summary judgment motion, and its cross-motion for summary judgment and supporting memorandum of law by February 8, 1993. On February 4, 1993, CTI filed its motion for summary judgment and a memorandum in opposition to Tolle's motion for summary judgment. On February 8, 1993, Tolle timely filed a memorandum of law in support of her motion for summary judgment, but addressing only the issue of statute of limitations. Tolle failed to present any argument with respect to the substantive issues.[2] In addition to the supporting memorandum, Tolle contemporaneously filed a motion for reconsideration of the district court's denial of her motion to voluntarily dismiss.

On February 16, 1993, the court denied Tolle's motion for reconsideration and her motion for summary judgment, and granted CTI's motion for summary judgment 813 F.Supp. 1368. Subsequently, on February 26, 1993, Tolle filed a motion to vacate the judgment of the district court and its opinion of February 16, 1993. On March 23, 1993, the district court denied Tolle's motion to vacate. On April 6, 1993, Tolle filed a motion for reconsideration in response to the denial of her motion to vacate. The reconsideration motion was likewise denied. Tolle filed a timely appeal of the district court's decisions and we have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

■ We affirm the decisions of the district court denying Tolle's motion to voluntarily dismiss and granting CTI's motion for summary judgment as to claims raised under §§ 502(a)(1)(B) and 503 of ERISA. Rule 41(a)(2) provides in relevant part that:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Fed.R.Civ.P. 41(a)(2). Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is within the sound discretion of the district court. *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). Inversely, the district court has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice. *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1383 (7th Cir.1993). Thus, we apply the abuse of discretion standard in reviewing the district court's decision denying Tolle's motion to dismiss.

■ In the instant action, the district court did not abuse its discretion. At the time of Tolle's motion to voluntarily dismiss, filed January 11, 1993, the case had been pending since 1989, discovery had been completed for approximately twenty-two months, the district court had limited the contested issues in the matter by granting a partial summary judgment, we had remanded the case so that the district court could address the remaining issues regarding the claims raised under §§ 502(a)(1)(B) and 503, and the district court had issued specific directives instructing the parties to file cross-motions for summary judgment to address the matter expeditiously. Additionally, CTI objected to the voluntary dismissal of the claims without prejudice. Under these circumstances, the district judge, who was thoroughly familiar with the case, did not abuse his discretion in denying Tolle's Rule 41(a)(2) motion.

■ Tolle's argument that the district court erred in denying the motion to dismiss lacks support in the Seventh Circuit. Tolle contends that the district court should have granted the motion to dismiss because CTI utterly failed to establish its burden that CTI will suffer prejudice if the court allows Tolle to voluntarily dismiss the action without prejudice. We reject this contention. Rule 41(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted. Fed.R.Civ.P. 41(a)(2). Without such demon-

---

**2.** Tolle's motion for summary judgment on the issue of whether the claims asserted under §§ 502(a)(1)(B) and 503 of ERISA were time-barred became moot after CTI conceded that the claims were filed within the permitted time period.

stration, an action shall not be dismissed at the request of a plaintiff. *Id.*

Moreover, we find Tolle's reason for the request to voluntarily dismiss the action unconvincing. Tolle sought to voluntarily dismiss the action pending before the district court "in the interest of judicial economy and the conservation of economic and human resources, and to avoid unnecessary confusion of issues...." Appellant's App. 45. We cannot say that the district court abused its discretion in determining that the interests of justice would be better served by continuing to proceed with the nearly four-year old case in the federal court. At the time Tolle filed her Rule 41(a)(2) motion, discovery had been concluded and the contested issues narrowed. The district judge reasonably determined that Tolle had made no showing that judicial economy, conservation of resources, or unnecessary confusion of issues would result from the dismissal in the district court with litigation to continue in the state court. Unfavorable rulings by the district court is not an acceptable basis to grant Tolle's voluntary dismissal or to facilitate the search for a perceivably more favorable state judicial climate.

Tolle further argues that the district court's order "deprives her of the opportunity to litigate the issues in the forum of her choice." Appellant's Brief at 16. We find the argument lacks merit. On September 29, 1989, Tolle initiated the instant federal action against CTI. On October 16, 1989, Tolle filed a complaint in the Circuit Court of McLean County, Illinois, against UNUM Life Insurance Company of America ("UNUM"), the underwriter of CTI's employee life insurance benefit plan. When Tolle filed the state action against UNUM, Tolle did not dismiss the federal action against CTI to proceed with the case in the state forum by amending the state complaint. Rather, on February 14, 1992, two years and four months after filing the state action, Tolle named CTI as additional party defendant to the state litigation. During that time, this appeal was pending before this Court.

Tolle's choice of forum to litigate the ERISA claims against CTI has been the federal court since 1989. Tolle's choice of forum changed only after receiving an adverse ruling from Judge Mills on CTI's motion for partial summary judgment which we affirmed in the earlier appeal. Accordingly, the district judge did not abuse his discretion in denying Tolle's motion to voluntarily dismiss the complaint.

▮▮▮ With respect to the remaining issue on appeal, whether the district court erred in granting summary judgment in favor of CTI, we proceed *de novo. Schroeder v. Copley Newspaper*, 879 F.2d 266, 268 (7th Cir.1989). Rule 56(c) of the Federal Rules of Civil Procedure provides that for a party to prevail on a summary judgment motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir.1992), a scintilla of evidence in support of the nonmovant's position will not suffice to oppose a motion for summary judgment. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991). Instead, the nonmoving party must elucidate specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Moreover, to preclude summary judgment the disputed facts must be those that might affect the outcome of the suit, *First Indiana Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992), and a dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

▮▮▮ Pursuant to the directives of Judge Mills, on February 4, 1993, CTI filed its summary judgment motion on remaining claims of Tolle, claims under §§ 502(a)(1)(B) and 503, on remand. The district court ruled on CTI's motion for summary judgment on February 16, 1993. Tolle asserts that she

had until February 18, 1993, fourteen days after filing of the motion, to file her response to CTI's motion under the Rules of the United States District Court for the Central District of Illinois ("Central District Rule"). Tolle, thus argues that the district court prematurely ruled on the CTI's summary judgment motion.

We desire neither unjustified delay in rendering a decision on pending motions nor hasty rulings. *See Nelson v. Streeter*, 16 F.3d 145, 151 (7th Cir.1994). While it is true that the record does not show a definite need for the quickened tempo of filing a flurry of motions, briefing schedules and rulings as we review this matter for the second time on appeal, the district court did not prematurely rule on the matter before Tolle could timely file her response. Careful examination of Central District Rule 2.9(B) reveals that the time for filing a response brief starts to run after the relevant motion is *served*. The relevant language of the Central District Rule provides that "[a]ny party opposing [a] motion shall file a memorandum of law in opposition to the motion within fourteen (14) calendar days after service of the motion and memorandum...." Central District Rule 2.9(B).

In the instant case, the record demonstrates that CTI served Tolle with a copy of the motion and supporting memorandum on January 26, 1993 and again on January 29, 1993. Even if we were to calculate the days for filing a response from January 29, 1993, Tolle was required by Central District Rule 2.9(B) to file a response by no later than February 12, 1993. Moreover, the district court did consider the arguments Tolle would have included in her response to CTI's motion for summary judgment when it addressed her motion to vacate the district court's February 16, 1993 order. Accordingly, we are not persuaded that the case needs to be remanded for further summary judgment proceeding with additional briefing. The bottom line is the district court did not prevent Tolle from filing an objection brief and did not prematurely rule on the summary judgment motion.

Having addressed the alleged technical procedural defect, we will now turn to the merits of the motion for summary judgment. Under § 502(a)(1)(B), a beneficiary may bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To recover benefits under § 502(a)(1)(B), the employee must establish that he or she "has satisfied the conditions necessary for benefits under the plan." *Tolle*, 977 F.2d at 1133.

■ In this case, Tolle seeks to recover disability benefits under CTI's disability plan. The relevant provision of the disability plan states that the employee "will be paid a weekly benefit if [she] become[s] totally disabled while covered under the plan." Appellant's App. at 22. Thus, Tolle must demonstrate that she is totally disabled before she may qualify for benefits. Tolle, however, failed to adduce facts tending to show that she was totally disabled. To the contrary, the evidence establishes that she was not totally disabled at the time she filed her claim for disability benefits.

The uncontested facts demonstrate that on October 10, 1984, Tolle completed and submitted a request for disability benefits. In response to the claim, CTI enlisted the assistance of Ploeger and Associates, Inc. ("Ploeger"), which administered CTI's employee benefit plans, to process Tolle's claim. In processing the claim, Ploeger requested Tolle's primary treating physician, Dr. Bloomfield, to complete the relevant portions of Tolle's claim form. Dr. Bloomfield complied with Ploeger's request by completing the necessary portions of the claim form; however, he declined to certify that Tolle was disabled. As a result, Ploeger notified Tolle that her claim could not proceed. Ploeger advised Tolle that she may contact Dr. Bloomfield to discuss the claim matter and resubmit the claim after it is completed.

Tolle made no effort to contact Dr. Bloomfield to discuss the matter of disability or to seek a second opinion as to her disability for purposes of completing the claim for disability benefits. In short, Tolle failed to satisfy the condition precedent to receiving disability benefits. Moreover, Tolle failed to exhaust

all administrative remedies available to her at the time of Ploeger's notification: Tolle failed to contest Ploeger's decision to terminate the processing of her claim that was based on lack of certification of disability. *See generally, Powell v. AT & T Communications, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991). Thus, Judge Mills' decision to grant CTI's motion for summary judgment on § 502(a)(1)(B) was proper.

Unlike § 502(a)(1)(B) claims, claims asserted under § 503 of ERISA are procedural, rather than contractual in nature. Essentially, § 503 details the statutory procedures and requirements that must be followed in order to lawfully deny a claim under an employee benefit plan. Section 503 provides that:

> In accordance with regulations of the secretary, every employee benefit plan shall—
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The Secretary of Labor has promulgated regulations to provide additional guidance in complying with § 503. *See* 29 C.F.R. § 2560.503–1. The regulations require the initial notice of the denial of a claim to contain the following information:

> (1) The specific reason or reasons for the denial;
>
> (2) Specific reference to pertinent plan provisions on which the denial is based;
>
> (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>
> (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f). Additionally, the regulations require plans to provide an internal appeals process, 29 C.F.R. § 2560.503–1(g)(1), and require the decision on internal review to be made within 60 days or, in special circumstances, within 120 days, 29 C.F.R. § 2560.503–1(h). These regulations are promulgated to afford the beneficiary an adequate explanation of the denial of the claim and to ensure meaningful review of that denial. *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir.1992). Although the applicable regulations are specific in pronouncing the requirements, strict compliance is not mandated. *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 393 (7th Cir.1983). Rather, substantial compliance with the regulations is sufficient for purposes of § 503. *Halpin*, 962 F.2d at 694.

In the case *sub judice*, we find that CTI was not required to comply with the procedural requirements of § 503 in rejecting Tolle's claim. Section 503 specifically states that the statutory requirements are to be satisfied by the plan in the event a participant or beneficiary's claim is *denied*. Thus, plans are not required to comply with the conditions under § 503 and related regulations prior to denying a participant or a beneficiary's claim for benefits.

Tolle's claim for disability benefits was never denied because Tolle never properly submitted her claim to be processed and considered. The subject notification which was sent to Tolle by Ploeger on November 8, 1984 states as follows:

> In an effort to file your disability claim, I contacted Dr. Bloomfield, as he had not completed dates of disability on his part of the claim form. He finally returned my call, after I had made several attempts to reach him. At this point in time, he does not consider you disabled and will not so state to the insurance company.
>
> I am sorry we could not have given you more favorable news regarding your claim. If you wish to carry the matter further, please discuss the matter with Dr. Bloomfield. Then request him to resubmit the claim form to me when it has been completed.
>
> Please call if you have any questions.

Appellant's App. at 166. This notification simply informed Tolle that Ploeger could not process her claim because the claim form was not completed in all of its parts, and that she should consult with Dr. Bloomfield to complete the claim.

Even if we view the November 8, 1984 notification as a denial of her claim *arguendo,* CTI substantially complied with 29 C.F.R. § 2560.503–1(f)(1), (3), (4). CTI explained the deficiency in her claim for benefits and provided her with adequate information to perfect the claim for review. Thus, the district court's decision granting CTI's motion for summary judgment as to § 503 claim was proper.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. The parties will bear their own costs in this court.

AFFIRMED.