**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Robert Dale EADY, Eady's Scale Corporation, and Charter Barclay Hospital, Inc., Defendants.**

**No. 93 C 4308.**

United States District Court, N.D. Illinois, Eastern Division.

June 26, 1995.

Louis C. Roberts, Daniel John McMahon and Noelle Swanson Berg, Peterson & Ross, Chicago, IL, for plaintiff.

Daniel J. Kaiser, Brian R. Keeley, Kupisch, Hunt, Carbon and Bush, Bensenville, IL, and Ronald Scott Mangum, Mangum, Smietanka & Johnson, Chicago, IL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

CASTILLO, District Judge.

This is a declaratory judgment action brought pursuant to the Employees' Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff, Principal Mutual Life Insurance Company ("Principal"), seeks to determine whether or not health insurance coverage exists for Robert Dale Eady ("Eady"), under an employee welfare benefit plan issued to Eady's Scale Corporation ("Eady's Scale") by Principal. Charter Barclay Hospital, Inc. ("Charter Barclay") rendered medical services to Eady, and purports to hold an assignment over his benefits.[1]

Principal moves for summary judgment against Charter Barclay on the grounds that Eady was not an employee of Eady's Scale as defined by the benefit plan. Principal also contends that summary judgment is appropriate because Charter Barclay failed to exhaust the administrative remedies provided for by the plan. For the following reasons, Principal's Motion for Summary Judgment is GRANTED.

1.  For the purposes of this motion, Principal does not challenge Charter Barclay's claim that it holds an assignment to Eady's benefits.

2.  The following recitation of background facts is drawn from the parties' Local Rule 12(M) and 12(N) statements of material fact as to which

## BACKGROUND

The facts in this case have been gleaned from the parties' Rule 12(M) and 12(N) Statements.[2] Principal has underwritten an ERISA-defined group health insurance policy ("the plan"), through which participating employers are able to provide medical care benefits to their employees. Rule 12(M) ¶ 1, 3. Effective November 1, 1991, Eady's Scale became a participating employer in the plan. Rule 12(M) ¶ 2.

In October, 1991, Eady applied for coverage under the plan, indicating that he was a full time employee of Eady's Scale. Rule 12(M) ¶ 4. Principal accepted Eady as an eligible individual under the Plan. Rule 12(M) ¶ 5. When he was accepted, Eady received a copy of the summary plan description issued by Principal to all eligible employees of Eady's Scale. Rule 12(M) ¶ 6. The summary plan description explains the terms of the policy:

A Member's effective date for Member Medical Expense Insurance will be explained in this Article, if the Member is Actively at Work on that date. If the Member is not Actively at Work on the date insurance would otherwise be effective, such insurance will not be in force until the day of return to Active Work. However, this Actively at Work requirement may be waived.

Rule 12(M) ¶ 7. "Actively at Work" is defined as "the act or performance of all a Member's normal job duties at the Participating Unit's usual place or places of business." Rule 12(M) ¶ 8. Member refers to any person who is employed on other than a temporary or part-time basis and who is regularly scheduled to work for the participating employer for at least thirty hours a week. Rule 12(M) ¶ 9.

In early 1992, Principal received claims seeking coverage for medical services rendered to Eady at Charter Barclay. Rule 12(M) ¶ 10. In order to process these claims,

there is no genuine issue and the accompanying exhibits. *See* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS LOCAL RULES Rule 12, as well as the other pleadings and exhibits submitted to the Court in connection with the pending motion.

Principal requested that Charter Barclay provide it with any medical records regarding Eady's treatment, and Charter Barclay produced these records. Rule 12(M) ¶ 11. At several points in these records, Eady's employment status is mentioned, but never once is he referred to as an employee of Eady's Scale. Rule 12(M) ¶ 12. Consequently, Principal conducted a full review of Eady's eligibility for coverage under the plan. Rule 12(M) ¶ 13. Principal determined that Eady was in fact not an employee of Eady's Scale. Rule 12(M) ¶ 13. Therefore, he was not a Member eligible for coverage as defined by the plan, and was not entitled to any benefits under the plan. Rule 12(M) ¶ 13.

On December 28, 1992, Principal notified Eady by letter that his claim for benefits had been denied because he was not eligible for coverage under the plan, and advised him that he had sixty days to request a review of the decision. Rule 12(M) ¶ 14. Eady did not make such a request. Rule 12(M) ¶ 14. However, Charter Barclay, through its agent Med–Services, Inc., did inquire into Principal's denial of coverage for Eady in a letter dated May 25, 1993. Rule 12(N) ¶ 16. On July 7, 1993, Principal responded, stating that since Eady had not responded within sixty days to the December 28, 1992, letter, it considered its decision to deny Eady's claim for benefits final. Letter from Van Wyk to Arzate of July 7, 1993.

This declaratory judgment action was filed by Principal on July 19, 1993. Rule 12(M) ¶ 17. Eady's Scale subsequently entered into a stipulation whereby it agreed that "[p]ursuant to the Summary Plan Description, Robert Dale Eady is not and was never eligible for coverage under the Plan." Rule 12(M) ¶ 17. In accord with this stipulation, the Court entered judgment for Principal against Eady's Scale. Rule 12(M) ¶ 18. As a result of Eady's failure to appear and answer, default judgment was entered against him on July 14, 1994. Rule 12(M) ¶ 19.

## DISCUSSION

### A. Standard for Summary Judgment

Summary Judgment is proper if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A genuine issue of material fact is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might effect that outcome of the suit under governing law will properly preclude the entry of summary judgment." *Id.* The moving party has the burden to "show" that there is no evidence supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Consequently, the evidence of the nonmovant must be believed, and all reasonable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14.

However, the nonmovant cannot rest on its pleadings, but must show that there is admissible evidence which supports its position. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir.1994). "The court may only consider evidence and statements that would be admissible at trial and that have probative force." *Colan v. Cutler–Hammer, Inc.*, 812 F.2d 357, 365 n. 14 (7th Cir.1987), *cert. denied*, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Principal contends that it is entitled to summary judgment in this case because there is no genuine issue of material fact as to Eady's eligibility under the plan because he was not an employee of Eady's Scale. It also contends that it is entitled to judgment as a matter of law because Charter Barclay has failed to meet ERISA'S administrative exhaustion requirement. Charter Barclay contests both of these claims, maintaining that there are genuine issues of fact with respect to both of Principal's allegations

which make summary judgment inappropriate.[3]

### B. Eady's Status as an Employee at Eady's Scale

Principal maintains that it is entitled to a declaration that Eady was never eligible for coverage under the plan because there is no genuine issue of material fact as to whether Eady was an employee of Eady's Scale. To support this contention, Principal relies upon Eady's default, Eady's Scale's stipulation, and the medical records it obtained from Charter Barclay in order to conduct its review of Eady's claim for benefits.

Principal is correct in stating that, as a result of the default judgment entered against him, Eady has effectively admitted that he was not an employee of Eady's Scale and was not eligible for coverage under the plan. "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983). However, the finding that Eady is liable to Principal as a result of his default does not affect Charter Barclay, who may still prove, for the purposes of its dispute with Principal, that Eady was employed by Eady's Scale as defined by the plan.

This logic also applies to Eady's Scale's stipulation that "[p]ursuant to the Plan and the Summary Plan Description, Robert Dale Eady is not and was never eligible for coverage under the plan." Stipulation ¶ 4. As a result of this stipulation, Principal was granted declaratory judgment in its favor and against Eady's Scale, but without costs assessed to either party.[4] Stipulation ¶ 7C. However, the stipulation does not affect Charter Barclay's dispute with Principal.

Finally, Charter Barclay objects to Principal's use of Eady's medical records to support its contention that Eady was not eligible for coverage under the plan. It maintains that these records are privileged and confidential under the Illinois Mental Health and Developmental Disabilities Act, 740 ILCS 110/1 *et seq.* However, this state statute is not applicable in this case, which is before this Court on the basis of its federal question subject matter jurisdiction. Rule 510 of the Federal Rules of Evidence provides that privilege in such cases "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." FED.R.EVID. 501. Therefore, "the contours and exceptions of such privileges are clearly a matter of federal common law; state-created principles of privilege do not control." *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir.1983) (citing *United States v. Craig*, 528 F.2d 773, 776, *aff'd en banc per curiam*, 537 F.2d 957 (7th Cir.1976), *cert. denied*, 429 U.S. 999, 97 S.Ct. 526, 50 L.Ed.2d 609 (1976)). The question this Court must address, then, is whether Eady's medical records fall within the psychotherapist-patient privilege as defined by federal common law.

---

3. Charter Barclay also opposes this Motion for Summary Judgment on the grounds that genuine issues of material fact are present with respect to the alleged negligent misrepresentation by Principal to Charter, and as to whether its claim for damages against Principal is preempted by ERISA. However, the Court denied Charter Barclay's Motion for Leave to Amend its answer to include these charges. (Doc. # 32) Consequently, these issues are not properly before this Court and will not be considered in this summary judgment decision. *See Etherington v. Bankers Life & Casualty Co.*, 747 F.Supp. 1269, 1280 (N.D.Ill.1990), *aff'd*, 968 F.2d 1218 (7th Cir.1992). Principal has filed a Motion to Strike Charter Barclay's Rule 12(N) Statement of Additional Facts and corrected Rule 12(N) Statement of Additional Facts, which are relevant only towards these counterclaims. Because these state-

ments are not relevant to any issues that are properly before this Court, the motion is granted.

4. Charter Barclay challenges the veracity of this stipulation because, prior to agreeing to it, Eady's Scale had filed its own motion for summary judgment. However, Eady's Scale withdrew this motion when it entered into the stipulation with Principal. Charter Barclay proposed a counterclaim and cross-claim that Principal and Eady's Scale conspired to defraud it by entering into the stipulation. The Court denied Charter Barclay's petition for leave to amend its answer to include these claims. Further, there is nothing on the record that leads this Court to question the veracity of the stipulation agreement.

*Pebsworth* is the first case in which the Seventh Circuit addressed this privilege. In *Pebsworth,* an insurance company refused to comply with a government subpoena which sought the records of some of its insureds as part of a criminal investigation into the practices of a psychotherapist. *Pebsworth,* 705 F.2d at 262. These records included some of the names of the therapist's patients, a listing of their visits, and, in some cases, the patients' diagnosis. *Id.* The court held that any privilege that might have existed was waived when the patients authorized the documents to be released to a third party, the insurance company. *Id.* The court was influenced by the facts that "waiver was explicit, the records [were] administrative rather than substantive in nature, and the success of a criminal investigation into the abuse of the psychotherapeutic care system, and not just a voluntary civil action, [were] at stake." *Id.* at 263. It acknowledged that it "might well have decided differently if the information sought in the subpoena involved detained psychological profiles of patients or substantive accounts of therapy sessions." *Id.*

■ As a result of its finding on the waiver issue, the *Pebsworth* court did not explicitly recognize the psychotherapist-patient privilege. Recently, the Seventh Circuit adopted the privilege in *Jaffee v. Redmond,* 51 F.3d 1346, 1357 (7th Cir.1995). However, this Court finds that, as in *Pebsworth,* Eady has waived the privilege that applied to his medical records. Eady signed an authorization form, which gave Charter Barclay permission to turn the documents over to Principal. Charter Barclay provided the documents to Principal with no express limitations as to how they were to be used. Neither Charter Barclay nor Eady sought a protective order to prevent the records from being used in this lawsuit, and the documents have since become a matter of public record. Therefore, although some of Eady's records are more substantive in nature than those at issue in *Pebsworth,* this Court concludes that the psychotherapist-patient privilege has been waived.

However, these records, standing alone, do not entitle Principal to summary judgment on the issue of whether Eady was eligible for benefits under the plan. In light of the circumstances in which these records were collected and the mental examination of Eady, this Court cannot conclude that no reasonable jury could find for Charter Barclay on this issue. Principal's Motion for Summary Judgment on the grounds that Eady was not an employee of Eady's Scale as defined by the benefit plan is therefore denied.

### C. ERISA and the Administrative Exhaustion Requirement

■ Despite this Court's finding that there is a genuine issue of material fact as to whether Eady was an employee of Eady's Scale, Principal's Motion for Summary Judgment is granted because both Eady and Charter Barclay failed to exhaust the administrative remedies provided for by the plan. Although ERISA itself is silent as to the exhaustion doctrine, the rule in this jurisdiction is clear: "The application of the administrative exhaustion requirement in an ERISA case is committed to the strong discretion of the district court." *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 466 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). *See also Powell v. American Telephone & Telegraph Co.,* 938 F.2d 823, 825 (7th Cir.1991); *Kross v. Western Elec. Co.,* 701 F.2d 1238, 1244 (7th Cir. 1983). Two basic exceptions to the exhaustion doctrine exist: futility of further administrative review and a lack of meaningful access to the internal review procedures. *Smith v. Blue Cross & Blue Shield United of Wisconsin,* 959 F.2d 655, 659 (7th Cir.1992).

The summary plan description outlines the process that participants of the plan must follow if they wish to contest a denial of a claim for benefits:

> Federal law permits up to 90 days for processing claims and up to 60 days for reviewing denied claims.... If a claimant disagrees with a claim denial, a review may be requested. The request and all added facts should be given to the Employer. The Employer will send this information to Us. We will then conduct the review. The claimant will be advised of the final decision and the reasons.

Summary Plan Description p. 63. In a letter dated December 28, 1992, Principal informed Eady that it was denying his claim for benefits. Letter form Erickson to Eady of December 28, 1992, at 1. It informed him that he could request a review of this decision, and that such a request had to be made in writing within sixty days of his receipt of the denial letter. Letter from Erickson to Eady of December 28, 1994 at 3. Eady did not make a review request within this sixty day time period. Rule 12(M) ¶ 14.

Charter Barclay contends, however, that this Court should not apply the exhaustion doctrine to its dispute with Principal, because it never received a copy of the December 28, 1992, letter, and therefore did not receive actual notice concerning the opportunity for review of the denial. The Court presumes that Charter Barclay bases this argument upon Section 503 of ERISA, which provides that the decision to deny a benefit claim must be explained in a written letter, which affords the claimant "full and fair review" of the decision. 29 U.S.C. § 1331(1), (2). However, ERISA does not mandate that all of a claimant's subsequent assignees receive this same type of notice.

█ It is a fundamental principle of assignment law that an assignee acquires only those rights which were possessed by the assignor. *See Lutheran Hospital of Indiana, Inc. v. Business Men's Assur. Co. of America*, 845 F.Supp. 1275, 1292 (N.D.Ind. 1994) (quoting *Brown v. Indiana Nat. Bank*, 476 N.E.2d 888, 894 (Ind.App.Ct.1985)), *rev'd*, 51 F.3d 1308 (7th Cir.1995); *McHenry Hospital v. Metropolitan Life Ins. Co.*, 578 F.Supp. 122, 125 (N.D.Ill.1983). Principal fulfilled its obligation under ERISA when it notified Eady of its decision to deny his claim in the December 28, 1994, letter. No additional letter to Charter Barclay was necessary. Charter Barclay did not inquire into the denial of benefits until its agent, Med–Services, sent a letter to Principal on May 25, 1993, more than sixty days after the letter to Eady. Therefore, neither Charter Barclay nor Eady requested a timely review of Principal's decision to deny Eady's claim, and the exhaustion doctrine precludes any further action regarding this decision. *See Tolle v.*

*Carroll Touch, Inc.*, 813 F.Supp. 1368 (C.D.Ill.1993) (plaintiff failed to file an internal appeal of defendant's decision within plan's time period, so defendant was entitled to judgment as a matter of law), *aff'd*, 23 F.3d 174 (7th Cir.1994).

## CONCLUSION

In this case, Charter Barclay is a victim of its own failure to amend its answer to include its proposed counterclaims against Principal in a timely fashion. Consequently, Principal's Motion to Strike (Document 40) Charter Barclay's Rule 12(N) Statement of Additional Facts and corrected Rule 12(N) Statement of Additional Facts is GRANTED. The only issues which were properly before the Court in this Rule 56 summary judgment motion were whether Eady was eligible for benefits under the plan as a result of his employment status at Eady's Scale, and if the ERISA exhaustion doctrine precluded Charter Barclay, as an assignee of Eady, from recovering any benefits from Principal. This Court concludes that there is a genuine issue of material fact as to whether or not Eady was an employee at Eady's Scale as defined by the plan. However, Principal is entitled to a declaratory judgment that Charter Barclay, as an assignee of Eady, cannot recover any of Eady's benefits from Principal as a result of its failure to exhaust the plan's administrative remedies. Therefore, Principal's Motion for Summary Judgment (Document 28) is GRANTED. The Clerk of the Court is directed to enter judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, in favor of the plaintiff Principal and against the defendants. Each party shall bear their own costs.