In re **BRIDGESTONE/FIRESTONE, INC., ATX, ATX II, AND WILDERNESS TIRES PRODUCTS LIABILITY LITIGATION, Plaintiff.**

**Pamela Jones,**

v.

**Bridgestone/Firestone, Inc.**

Nos. IP00–9373–C–B/S, IP00–C–5046–B/S. No. MDL–1373.

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 20, 2001.

Irwin B. Levin, Cohen & Malad, Indianapolis, IN, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for plaintiffs.

Daniel P. Byron, McHale Cook & Welch, PC, Indianapolis, IN, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for defendant.

## ORDER GRANTING DISMISSAL WITHOUT PREJUDICE

BARKER, Chief Judge.

Plaintiff Pamela Jones, Personal Representative of the Estate of William Cole Jones, Deceased, filed suit in the Western

---

**2.** *See* IC. 16–39–3–2 *et seq.*

District of Oklahoma against Defendants Bridgestone/Firestone, Inc. ("Firestone") and Ford Motor Company ("Ford"). She alleges that defects in the design and/or manufacture of the Firestone tires on Plaintiff's 1995 Ford Explorer were responsible for the death of Mr. Jones in a roll-over accident occurring on March 25, 2000. Defendant Ford filed a Motion to Stay on September 15, 2000. In response, Ms. Jones submitted an Application for Order of Dismissal Without Prejudice ("Application for Dismissal") on October 3, 2000. Before the Western District of Oklahoma could rule on either of these issues, the case was transferred to the Southern District of Indiana for consolidated and coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407 by order of the Judicial Panel on Multidistrict Litigation as part of MDL No. 1373. *In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Products Liability Litigation*, MDL No. 1373 (J.P.M.L. Oct. 24, 2000) ("Transfer Order"). Before the Court is Plaintiff's Application for Dismissal. For the reasons set forth below, the Court orders dismissal without prejudice upon the condition that Plaintiff pay to Defendants any filing fees they may have incurred in the instant matter.

### History of the Jones Litigation

The roll-over giving rise to this case also engendered two other lawsuits, both filed in state court. Two passengers in the vehicle, Tony Jones and Frankie Jones, were injured in the roll-over. They filed a products liability suit, called *Frankie L. Jones, Jr. and Anthony D. Jones v. Bridgestone/Firestone Inc., Ford Motor Company, and Bob Howard Motors, Inc., f/k/a Bob Howard Toyota*, Case No. CJ–2000–6287 (the "*Frankie Jones* action"), seeking damages for their injuries. In addition to Firestone and Ford, the *Frankie Jones* action also named the dealer who sold the Ford Explorer, Bob Howard Motors, Inc. ("Bob Howard Motors"), as a defendant. Bob Howard Motors is an Oklahoma corporation with its principal place of business in Oklahoma, and the Joneses are citizens of Oklahoma. Hence, the *Frankie Jones* action is not subject to federal diversity jurisdiction under 28 U.S.C. § 1332. Neither is the second of the two cases related to

the action presently before the Court. Pamela Jones, Plaintiff here, also filed an action in state court, *Jones v. Bridgestone Corporation and Bob Howard Motors, Inc., f/k/a Bob Howard Toyota*, Case No. CJ–2000–7189 ("*Jones* state court action"). That suit named Bob Howard Motors and Bridgestone Corporation ("Bridgestone"), the Japanese parent corporation of subsidiary Firestone, as defendants.

Ms. Jones now requests that the Court dismiss the case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. She states that, should the Court grant her request, she intends to add Ford and Firestone as party-defendants to her state court action. In addition, Ms. Jones is seeking consolidation of the *Jones* state court action with the *Frankie Jones* case. Ms. Jones apprised counsel for Defendants Ford and Firestone of her intentions and attempted to secure a stipulation of dismissal without prejudice pursuant to Fed. R.Civ.P. 41(a)(1), which permits "an action [to] be dismissed by the plaintiff without order of the court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action." On October 23, 2000, Defendant Firestone submitted Bridgestone/Firestone's Response to Plaintiff's Application for Order of Dismissal Without Prejudice ("Firestone Response"). Defendant Firestone agrees that Plaintiff should be permitted to dismiss the instant case without prejudice. Firestone Response, ¶ 2. Defendant Ford, however, opposes Plaintiff's Application for Dismissal. Defendant Ford Motor Company's Opposition to Plaintiff's Application for Order of Dismissal Without Prejudice ("Ford Opposition"). The Court addresses the parties' arguments below.

### Legal Analysis

■■■ Rule 41(a)(2) of the Federal Rules of Civil Procedure provides the authority under which a court can dismiss a case without prejudice. It states, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Permitting a plaintiff to voluntarily dismiss an action without prejudice under Rule 41(a)(2)

is within the sound discretion of the Court. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir.1994) (citing *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir.1992)).[1] The Court's discretion is tempered by a number of guiding principles. The Seventh Circuit places the burden on the plaintiff to persuade the court that voluntary dismissal is warranted. *Tolle*, 23 F.3d at 177. Also, dismissal is not warranted if the defendant would suffer "plain legal prejudice" as a result of dismissal. *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988). At the outset, it should be noted that the prospect of a second lawsuit on the same facts in state court does not constitute plain legal prejudice. *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir.1983) ("the prospect of a second lawsuit or the creation of a tactical advantage is insufficient to justify denying the plaintiff's motion to dismiss."). Indeed, the analysis is considerably more complex than that. Four factors should be examined to determine whether the defendant would suffer plain legal prejudice if a case were dismissed without prejudice:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*FDIC*, 966 F.2d at 1142 (citation omitted); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969). Keeping in mind that the Court need not resolve each and every factor in favor of the moving party in order to dismiss, *Kovalic*, 855 F.2d at 471, we proceed by examining the procedural posture of this case in light of the four factors set forth in *Pace* and subsequent cases.

The first factor considers whether "the defendant's effort and expense of preparation for trial" would cause "plain legal prejudice" should the Court dismiss the case without prejudice. *FDIC*, 966 F.2d at 1142; *Pace*, 409 F.2d at 334. We determine that Ford's effort and expense devoted to the case at this point are relatively minimal. In *Tolle*, 23 F.3d at 177, the Seventh Circuit cited to the fact that discovery had been completed for twenty-two months as one of its reasons for upholding the decision of the district court to deny plaintiff's request to withdraw without prejudice. Likewise, in *RSR Corp. v. Avanti Development Inc.*, 2000 WL 1448655, at *3 (S.D.Ind. Jul.20, 2000), the court denied the plaintiffs' motion to dismiss without prejudice because the defendants had expended resources on numerous depositions, several interrogatories and other discovery requests, and affidavits. In contrast, in the case before the Court, Ford has submitted interrogatories to Ms. Jones, but has not embarked on any other discovery. Defendant Ford's other work in the cases is also relatively limited. It includes answering the complaint, filing a Motion to Transfer to the MDL, and filing a Motion to Stay Proceedings pending the MDL determination. All of these actions are preliminary and do not indicate that Ford would be prejudiced by the dismissal of this case without prejudice.

The second and fourth factors are also quickly resolved for Plaintiff. The case was removed to federal court on July 17, 2000. Plaintiff filed the Application for Dismissal on October 3, 2000, just over 2½ months after removal. This delay is far from excessive and does not reflect a lack of diligence on the part of Ms. Jones. In fact, this delay is shorter than the interludes found not to be prejudicial by other courts. *See FDIC*, 966 F.2d at 1142–43 (delay of at least seven months from lifting of bankruptcy stay not

---

**1.** As the Application for Dismissal was filed in the Western District of Oklahoma, the parties' briefs on the subject mainly cite to the law of the Tenth Circuit. The Court has determined that Seventh Circuit law applies to this question of federal law now that the case has become part of the consolidated MDL proceedings. *See In re Korean Air Lines Disaster of September 1, 1983,* 829 F.2d 1171, 1176 (D.C.Cir.1987) ("the law of a transferor forum on a federal question ... merits close consideration, but does not have

stare decisis effect in a transferee forum situated in another circuit."); *In re Ford Motor Co. Bronco II Products Liability Litigation,* 1996 WL 257570, at *1–2 (E.D.La. May 16, 1996) (applying law of circuit of transferee circuit to procedural question of remand and removal in diversity case). We did not seek additional briefing on Seventh Circuit law from the parties because our research demonstrated that the applicable standards were similar and that the result under either circuit's law would be the same.

excessive); *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 640 (W.D.Mo. 1989) (no lack of diligence when about 4½ months passed between removal and filing motion to voluntarily dismiss). As to the fourth factor, Defendant has not filed a motion for summary judgment or any other dispositive motions in this case.

The third factor concerns whether Plaintiff has offered sufficient explanation for the need to take a dismissal. *FDIC*, 966 F.2d at 1142; *Pace*, 409 F.2d at 334. Ms. Jones states that she wants to re-file the case in state court so that she can litigate against all Defendants—Ford, Firestone, Bridgestone, and Bob Howard Motors—in one forum. State court provides the only forum in which all Defendants can be sued at one time because, as pointed out above, Bob Howard Motors is a non-diverse defendant. Case law on this factor suggests that Ms. Jones' explanation is sufficient.

First, it must be noted that Bob Howard Motors is a proper defendant in a lawsuit based on the facts alleged here. Oklahoma products liability law establishes that Bob Howard Motors is potentially liable for the death of Mr. Jones. In *Dewberry v. LaFollette*, 598 P.2d 241, 242 (Okla.1979), the Supreme Court of Oklahoma held that sellers and other suppliers, such as lessors, of defective products could be held liable under a theory of manufacturers' products liability for placing a defective product into the stream of commerce. Ms. Jones has alleged that the Firestone tires on the 1995 Ford Explorer involved in the roll-over were defectively designed and/or manufactured and that Bob Howard Motors placed the Explorer with the allegedly defective tires into the stream of commerce. In addition, Ms. Jones has alleged that Bob Howard Motors "failed to adequately warn [Mr. Jones] of the potential dangers associated with the operation, maintenance and/or use of the subject vehicle

and tires." Petition of Oct. 2, 2000, ¶ 8(c). Such a claim against a seller-defendant also is clearly permitted by Oklahoma law. *See Shuman v. Laverne Farmers Coop.*, 809 P.2d 76, 77–78 (Okl.App.1991) (holding liable for failure to warn seller of tire that blew out under conditions cited in manufacturer's warning). That Bob Howard Motors is a proper defendant in Ms. Jones' case goes a long way toward establishing that Plaintiff has provided a sufficient explanation for seeking voluntary dismissal. *See Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20, 21–22 (E.D.Pa.1984) (finding voluntary dismissal appropriate after determining that nondiverse defendant was legitimate party to lawsuit).

In opposition, Ford argues that Ms. Jones is engaging in impermissible forum shopping. Ford Opposition at 2. This argument is unpersuasive. In *Katzman v. American Airlines, Inc.*, 1997 WL 752730, at *1 (S.D.N.Y. Dec.4, 1997), the court noted that "when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that plaintiff manifestly seeks to defeat federal jurisdiction." (citations omitted). Furthermore, Ford's understanding of impermissible motive is a component of the analysis for joinder and remand under 28 U.S.C. § 1447(e), rather than for voluntary dismissal under Rule 41(a)(2). As explained in this Court's earlier opinion in *In re Bridgestone/Firestone Inc., ATX, ATX II, Wilderness Tires Products Liability Litigation*, 129 F.Supp.2d 1202, 1204–05 (S.D.Ind. 2001), courts frown on motions for joinder that are intended solely to accomplish remand. (citations omitted). This judicial disfavor of such motions, however, is limited to remand motions under 28 U.S.C. § 1447(e). The factors considered in ruling on remand motions do not parallel those examined for determinations on the question of voluntary dismissal.[2] *See O'Reilly v. R.W. Harmon &*

---

2. The factors relevant to joinder and remand are: (1) the extent to which the joinder of the non-diverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) the balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed

and the risk that the defendant will be prejudiced if the amendment is allowed; and (4) any other equitable considerations, including defendants's [sic] interest in maintaining a federal forum.
*Vasilakos v. Corometrics Medical Sys., Inc.*, 1993 WL 390283, at *2 (N.D.Ill. Sept.30, 1993); *See also Goutanis v. Mutual Group*, 1995 WL 86588,

*Sons, Inc.,* 124 F.R.D. 639, 640–41 (W.D.Mo. 1989) (cases ruling on remand or remand and joinder are "not instructive" on the permissibility of voluntary dismissal under Rule 41(a)(2)).

### Conclusion

For the reasons explained above, Plaintiff's Application for Order of Dismissal Without Prejudice is *GRANTED.* In addition, Plaintiff must pay to Defendants any filing fees they may have incurred in the instant matter.

at *6 (N.D.Ill. Feb.24, 1995). These factors are not the same as those for voluntary dismissal, which are listed earlier in this order.