NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2016[*]
Decided August 22, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1171

| | |
|---|---|
| RUFUS ONYEBUENYI NWATULEGWU, and SARAH N. NWATULEGWU <br>  *Plaintiffs-Appellants*, <br><br>   *v.* <br><br> BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br>  *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 3:15-px-1055 <br><br><br> David R. Herndon, <br> *Judge*. |

**O R D E R**

  This personal-injury suit under the diversity jurisdiction is one of thousands consolidated for pretrial proceedings as part of multidistrict litigation in the Southern District of Illinois. The plaintiffs, Rufus Nwatulegwu and his wife, Sarah, claim that Mr. Nwatulegwu suffered a stroke because he was using the drug Pradaxa, a prescription blood-thinner marketed by the defendant, Boehringer Ingelheim

---

  [*] This appeal is successive to case no. 13-3898 and is being decided under Operating Procedure 6(b) by the same panel. After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

Pharmaceuticals. The Nwatulegwus moved for leave to voluntarily dismiss the action without prejudice after failing to meet discovery deadlines, but the district court instead dismissed the action with prejudice, prompting this appeal.

A case-management order in this MDL obligates every plaintiff alleging injury from Pradaxa to provide Boehringer with a Plaintiff Fact Sheet, five years of medical and pharmacy records, an affidavit attesting to the completeness of those records, and expert opinions addressing whether Pradaxa caused the plaintiff's injury. A plaintiff who fails to comply with the prescribed deadlines (15 days for injury-related records and 30 for expert reports) will have 20 days to cure before the district court, on Boehringer's motion, will order the plaintiff to show cause why the suit should not be dismissed with prejudice. The case-management order also specifies that disregarding an order to show cause may result in dismissal.

The Nwatulegwus' initial production was both incomplete and misleading. Their complaint and Plaintiff Fact Sheet recount that Mr. Nwatulegwu suffered a stroke in Washington, D.C., and was hospitalized for a month. But records from that hospital link Mr. Nwatulegwu's problems to severe headaches and several falls a few weeks earlier while the couple was on an extended trip to Nigeria. Physicians there had concluded from an MRI that Mr. Nwatulegwu was suffering from a "large bleed in the head that required surgical intervention by Nigerian neurosurgeon." But instead of having surgery in Nigeria, Mr. Nwatulegwu returned to the United States and sought treatment at the D.C. hospital. The Nwatulegwus did not turn over medical records from any Nigerian treatment provider (despite their affidavit attesting that all records had been disclosed), and neither did their lawyer even tell Boehringer that Mr. Nwatulegwu's illness in Nigeria had precipitated his further treatment in Washington. Counsel for Boehringer notified plaintiffs' counsel about this failure (along with several other, less egregious deficiencies) and warned that, if the omission was not cured in the 20 days allotted by the case-management order, Boehringer would seek dismissal. Afterward Boehringer notified plaintiffs' counsel that the deadline for producing expert reports also had passed, and again the company warned that it would seek dismissal if those reports were not provided within the time for cure.

The Nwatulegwus did not produce any medical records from Nigeria, nor did they tender expert reports. In a motion asking the district court for "an open extension of time," the plaintiffs asserted that they had mailed a request for medical records to the "best address" available (online) for the hospital where they "believe" Mr. Nwatulegwu was treated but were uncertain whether the hospital would comply. And while professing doubt that the "records from Nigeria will meaningfully contribute to understanding the causation of the plaintiff's injuries," they argued that the court should excuse their noncompliance with its deadline for expert disclosures because,

they explained, an opinion given without seeing those records would be vulnerable to exclusion for lack of foundation. Boehringer objected, but before the judge could rule, the Nwatulegwus filed another motion, this time asking that they be permitted to dismiss their lawsuit without prejudice. Boehringer again objected and, as the district court had invited in its case-management order, requested that the Nwatulegwus be ordered to show cause why the case should not be dismissed with prejudice. The Nwatulegwus failed to respond, and six weeks later the district court entered an order refusing to permit a voluntary dismissal without prejudice and instead concluding that the plaintiffs had not shown good cause for their noncompliance with the case-management order. For that reason the court dismissed the action with prejudice.

On appeal the Nwatulegwus argue that the district court abused its discretion by "jumping straight to the harshest sanction available" for "a missed deadline" after they had moved for an extension of time within the period for cure. At the same time, however, the Nwatulegwus ignore the court's conclusion that dismissal with prejudice was justified based solely on their failure to establish good cause for disregarding the deadlines set out in the case-management order.

A request for voluntary dismissal without prejudice is committed to the broad discretion of the district court, *see* FED. R. CIV. P. 41(a)(2), and we review the denial of such a request for an abuse of discretion. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). Rule 41(a)(2) requires that the plaintiff persuade the district court that a voluntary dismissal should be without prejudice, and, absent such a showing, voluntary dismissal is inappropriate. *Tolle*, 23 F.3d at 177. Moreover, a district court may, in appropriate circumstances, grant a motion for voluntary dismissal under Rule 41(a)(1) but make that dismissal *with* prejudice. *Ratkovich v. Smith Kline*, 951 F.2d 155, 157–58 (7th Cir. 1991). The Nwatulegwus' argument—essentially that they were *entitled* to a dismissal without prejudice—lacks merit.

Strict adherence to case management orders is necessary to manage multidistrict litigation, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1252–53 (9th Cir. 2006), and our sister circuits have affirmed dismissals with prejudice based on noncompliance with discovery deadlines. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 243, 246–48 (3rd Cir. 2013) (noting that, in "sprawling multidistrict" litigation, "district judge must be given wide latitude with regard to case management" to achieve efficiency); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). The Nwatulegwus were warned that noncompliance would doom their lawsuit, yet they not only missed deadlines repeatedly but didn't even bother to respond when Boehringer asked the district court to sanction their disregard for the court's case-management order. And while it may be more difficult to

obtain medical records from a hospital in Nigeria than one in Washington, D.C., the plaintiffs have never said that they *asked* the Nigerian hospital for records before Boehringer realized that Mr. Nwatulegwu had received medical care in that country. What seems clear is that the plaintiffs concealed the existence of records covered by the case-management order and, after being caught, have sought to blame Boehringer and belittled the missing records as lacking relevance. We cannot understand why, in the face of dismissal, counsel for the plaintiffs did not simply *call* the Nigerian hospital, or attempt to contact the treating physicians directly, or, indeed, undertake any step to secure the records aside from mailing a record-retention request halfway around the world and hoping for the best. Faced with this lack of diligent prosecution, the district court was within its discretion to dismiss the claim with prejudice.

AFFIRMED.